**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

GERARD EDWARD LEHNER,

                 Plaintiff,

   v.                                              No. 12-CV-915
                                                   (TJM/DRH)

THOMAS F. GUERNSEY et al,

                 Defendant.

---

**APPEARANCES:**                               **OF COUNSEL:**

GERARD EDWARD LEHNER
Plaintiff Pro Se
Post Office Box 602
East Marion, New York 11939

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

On June 5, 2012, pro se plaintiff Gerard Edward Lehner ("Lehner") submitted a complaint along with an application to proceed In Forma Pauperis (IFP). Compl. (Dkt. No. 1); Dkt. No. 2. After reviewing those documents, this Court issued an order granting the IFP Application and ordering that Lehner amend his complaint to avoid dismissal. Dkt. No. 4. The basis for that order was Lehner's failure to satisfy basic pleading requirements and articulate specific constitutional claims against the named defendants. Id. On July 19, 2012, Lehner filed his amended complaint with the Court. Am. Compl. (Dkt. No. 6).

Upon reviewing the Amended Complaint, we find that not only did Lehner fail to cure the deficiencies in his prior pleading, but also, this new pleading is even more incoherent. It still remains unclear the precise nature of the action being brought, and, Lehner fails to indicate the jurisdictional basis for his claim and the relief sought.

When subject matter jurisdiction is lacking, dismissal is mandatory. United States v. Griffin, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Subject matter jurisdiction may be established in two ways: (1) if there is a federal question pursuant to 28 U.S.C. § 1331; or (2) if there is diversity of citizenship pursuant to 28 U.S.C. § 1332. While Lehner purports to assert a civil rights claim pursuant to 42 U.S.C. § 1983, a review of the nature of Lehner's complaints leads this Court to believe that this action is not one sounding in § 1983.

"Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States . . . [including] redress for violations of federal statutes, as well as . . . constitutional norms." Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (internal quotation marks and citations omitted). First and foremost, we note that nowhere in the complaint does Lehner allege that his constitutional rights have been violated. And this Court is unable, even with the most liberal construction of the pleading, to envision any claim raised by Lehner that amounts to a constitutional violation. Moreover, Lehner sues the former and current presidents of Albany Law School, a private institution, and a John Doe security guard employed there. None of these individuals are state actors, a requirement for successfully alleging a § 1983 claim. See Rounseville v. Zahl, 13 F.3d 625, 629 (2d Cir. 1994) (granting summary judgement for failure of plaintiff to satisfy the state action requirement under § 1983); Petrosky v. New York State Dep't of Motor Vehicles, 72 F. Supp. 2d 39, 63 (N.D.N.Y. 1999) (same).

2

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Again, two problems arise. First, Lehner does not state any amount in controversy. Instead, Lehner seeks a written, published apology and the opportunity to curate an art exhibit in the lobby of the law school. Am. Compl. at 2. Thus, Lehner does not satisfy the first prong for invoking diversity jurisdiction. A second flaw with the potential assertion of diversity jurisdiction exists since, by including individuals who work at an institution in New York State, and presumably live in New York State, Lehner compromises the complete diversity rule. In order to sustain diverstiy jurisdiction, there must be complete or total diversity, in that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). With Lehner alleging his own citizenship in New York State, the inclusion of defendants who presumably reside in New York State also divests the Court of diversity jurisdiction.

Having already provided Lehner an opportunity to amend, and determining that his amended pleading is still deficient, dismissal is appropriate. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." (citation omitted)).

**WHEREFORE**, in light of the numerous jurisdictional defects in Lehner's pleading, the failure to state a cognizable cause of action which would allow for the relief sought, and the failure to correct the deficiencies from his prior pleading; it is hereby

**RECOMMENDED**, that the complaint be dismissed in its entirety; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**

Date:　January 22, 2013
　　　　Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

4